**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

| | |
|---|---|
| JACK & JOE'S FRANCHISING, INC. d/b/a SQUEEGEE SQUAD; JACK & JOE'S MANAGMENT COMPANY, | No. 25-cv-2776 (KMM/SGE) |
| Plaintiffs, | |
| v. | **ORDER** |
| EB WINDOW CLEANING LLC; ERIC BERNADIN, | |
| Defendants. | |

---

This matter is before the Court on Defendant Eric Bernadin's Motion to Reconsider the Order granting Plaintiffs Jack & Joe's Franchising, Inc. and Jack & Joe's Management Company's Motion for Preliminary Injunction and denying Mr. Bernadin's Motion to Compel Arbitration. (Dkt. 50.) Plaintiffs filed a letter arguing that Mr. Bernadin had not shown "compelling circumstances" to justify the filing of this Motion. (Dkt. 57 (quoting D. Minn. LR 7.1(j)).) For the reasons discussed below, the Motion is denied.

In this District, a party must obtain the Court's permission before filing a motion to reconsider. D. Minn. LR 7.1(j). Mr. Bernadin has not complied with this rule, which alone is a basis for denying his Motion. *See Ferguson v. Michael Foods, Inc.*, 74 F.Supp.2d 862, 876 (D. Minn. 1999) ("Plaintiff [d]id not seek leave of Court to make a Motion to Reconsider the decision denying the Motion to Amend, and the Motion is denied for this procedural reason."); *cf. Lee v. United States*, No. 25-cv-3554 (JRT/EMB), 2026 WL 474887, at *1 (D. Minn. Feb. 19, 2026) (stating that a party's "failure to comply with the

1

Local Rules is a sufficient, independent basis to deny his Motion").

Aside from this procedural issue, Mr. Bernadin has not shown "compelling circumstances" that warrant leave to file a motion for reconsideration. *See* D. Minn. LR 7.1(j). "Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 414 (8th Cir. 1988) (quotation omitted). And such motions "cannot be employed to repeat arguments previously made, introduce evidence or arguments that could have been made earlier or tender new legal theories for the first time." *Eng'g & Constr. Innovations, Inc. v. Bradshaw Constr. Corp.*, No. 20-cv-0808 (WMW/TNL), 2022 WL 5249648, at *1 (D. Minn. Oct. 6, 2022) (citing *id.*). Mr. Bernadin explains that as a pro se litigant, he "did not fully understand" he was required to respond to Plaintiffs' Motion for Preliminary Injunction, and only now disputes certain factual allegations. (Dkt. 50 at 1.) But Mr. Bernadin was previously ordered to "file a response to Plaintiffs' Motion" (Dkt. 38) and yet failed to do so. Because he improperly presents evidence or arguments "that could have been made earlier," *Eng'g & Constr. Innovations, Inc.*, 2022 WL 5249648, at *1, the Court concludes that permission for leave to file a motion to reconsider is not warranted. However, this ruling does not prevent Mr. Bernadin from filing a motion to have the preliminary injunction lifted in the future based on a showing of changed circumstances.

## ORDER

For the foregoing reasons, **IT IS HEREBY ORDERED THAT** Defendant Eric Bernadin's Motion for Reconsideration (Dkt. 50) is **DENIED**.

Date: April 17, 2026

*s/Katherine M. Menendez*
Katherine M. Menendez
United States District Judge